# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ROBERTS,<br><br>        Petitioner,<br><br>    v.<br><br>STEPHEN HENDERSON, Associate Warden,<br><br>        Respondent. | Case No.: 1:18-cv-01538-JLT (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION TO DISMISS AMENDED PETITION<br><br>[TWENTY-ONE DAY OBJECTION DEADLINE] |

    Petitioner filed a federal habeas petition on October 5, 2018. (Doc. 1.) After conducting a preliminary screening, the Court found the petition to be deficient in several respects: Petitioner failed to state a cognizable federal claim; he failed to name a proper respondent; and, he failed to demonstrate exhaustion of state remedies. Therefore, the Court dismissed the petition and directed Petitioner to file a First Amended Petition curing those deficiencies. (Doc. 5.)

    On December 3, 2018, Petitioner filed a First Amended Petition. (Doc. 6.) The Court has reviewed the petition and finds that it does not present cognizable habeas claims and the deficiency cannot be cured. Therefore, the Court will RECOMMEND the petition be DISMISSED.

///

///

1

**I.     DISCUSSION**

    A.  Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

    B.  Civil Rights Allegations

Petitioner does not challenge his conviction. Rather, he presents various vague complaints concerning conditions of confinement. He asserts he was assaulted and beaten by staff on July 27, 2018. He alleges that "STAFF are now having 'I/M's' to 'kill' me, since they are 'succeeding' in the 'case' I 'filed' to 'sue' on 'KVSP Officers.'" (Doc. 6 at 3.)

A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)). In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499. Petitioner's civil rights claims are not cognizable in a federal habeas action and must be dismissed. Petitioner must seek relief for his complaints by way of a civil rights action.

In Nettles v. Grounds, 830 F.3d 922, 936 (9th Cir. 2016), the Ninth Circuit held that a district court has the discretion to construe a habeas petition as a civil rights action under § 1983. However, recharacterization is appropriate only if it is "amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief," and only after the petitioner is warned of the consequences of conversion and is provided an opportunity to withdraw or amend the petition. Id. Here, the Court does not find recharacterization to be appropriate. Petitioner does not name the proper

defendants and the claims are not amenable to conversion on their face. Accordingly, the Court should not exercise its discretion to recharacterize the action.

Therefore, the Court will recommend that the action be dismissed and the Clerk of Court be directed to send Petitioner a blank civil rights complaint.

**ORDER**

The Court DIRECTS the Clerk of Court to assign a District Judge to the case.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the habeas corpus petition be DISMISSED and the Clerk of Court be DIRECTED to provide Petitioner with a blank civil rights complaint form.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **December 4, 2018**      **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE